Filed 9/3/21  P. v. Trotter CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B309637 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A570665) |
| v. | |
| ANTHONY GRAHAM TROTTER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry Lee Smerling, Judge.  Affirmed.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Anthony Graham Trotter appeals from an order summarily denying his petition for resentencing pursuant to Penal Code[1] section 1170.95. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Trotter admitted the murder and robbery of Charlene Belmer Hartsough while burglarizing her home, and he admitted personal use of a dangerous and deadly weapon. Trotter entered Hartsough's home on the morning of April 23, 1986 by breaking a living room window. While Trotter was in the middle of the burglary, Hartsough returned home. Trotter killed Hartsough by strangling her with a telephone cord and bludgeoning her head with a candlestick. Trotter ransacked the house and took a video cassette recorder and Hartsough's pearls. Trotter turned himself in to the police before the crime was discovered. (*People v. Trotter* (Oct. 29, 2003, B160437) [nonpub. opn.] at p. 1 (*Trotter I*).)

In 1988, pursuant to a negotiated disposition in exchange for a life sentence without the possibility of parole, Trotter pleaded guilty to first degree murder in violation of section 187, subdivision (a), with allegations the murder was committed while he was engaged in the commission of a burglary and while he was engaged in the commission of a robbery, both special circumstances pursuant to section 190.2, subdivision (a)(17), and with the allegation he personally used a deadly and dangerous weapon within the meaning of section 12022, subdivision (b), to residential burglary in violation of section 459, and to robbery in violation of section 211. At the time of the plea, Trotter stated

---

[1] All undesignated statutory references are to the Penal Code.

that he did not intentionally kill Hartsough. (*Trotter I*, *supra*, B160437 at p. 1.)

The trial court sentenced Trotter to life without the possibility of parole.

Trotter filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. The district court granted the petition and ordered a new trial on the special circumstance allegations including the element of intent to kill unless on remand Trotter admitted the truth of the allegations. (*Trotter I*, *supra*, B160437 at p. 1.)

A jury found the special circumstance allegations true. The trial court sentenced Trotter to life without the possibility of parole. We affirmed the judgment. (*Trotter I*, *supra*, B160437 at p. 1.)

In 2020, Trotter petitioned for resentencing under section 1170.95, requesting that the court vacate his murder conviction. He also asked the court to appoint counsel to represent him. In his petition, Trotter did not deny that he was the actual killer.

The court denied the petition ex parte based on a finding that Trotter was the actual killer and actual killers are not eligible for resentencing under sections 1170.95 and 189, subdivision (e)(1).

Trotter appealed.

## DISCUSSION

After review of the record, Trotter's court-appointed counsel filed an opening brief that raised no issues and requested that we conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Trotter's counsel advised him that he had 30 days to submit a supplemental brief with any additional contentions or argument and that he may request this

court to relieve present counsel.  Trotter did not file a supplemental brief.

As an initial matter, Trotter's counsel acknowledges that recent decisions in the Courts of Appeal have held that the procedures mandated by *People v. Wende*, *supra*, 25 Cal.3d 436 do not apply from the denial of a petition for resentencing under section 1170.95.  In *People v. Cole* (2020) 52 Cal.App.5th 1023, Division Two of this district held that, when a defendant fails to file a supplemental brief on his or her own, we may dismiss the appeal as abandoned.  However, the issue of what procedures apply when appointed counsel determines that an appeal from an order denying postconviction relief lacks arguable merit, is currently pending before the Supreme Court in *People v. Delgadillo*, review granted February 17, 2021, S266305.  Without deciding whether *Cole* is correct in part or whole, we exercise our discretion and independently review the record under *People v. Wende*, *supra*, 25 Cal.3d 436.  When "an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."  (*People v. Flores* (2020) 54 Cal.App.5th 266, 269.)

While the appeal before us was pending, our Supreme Court decided *People v. Lewis* (2021) 11 Cal.5th 952, 957 holding that, when a petitioner files a facially sufficient petition under section 1170.95, the court shall appoint counsel, if requested, and determine whether the petitioner has made a prima facie case for relief.  The court "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id.* at p. 974.)  " 'However, if the record,

4

including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

Trotter filed a facially valid petition, asserting that (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted of first degree or second degree murder; and (3) he could not be convicted of first degree or second degree murder because of changes to sections 188 and 189 made effective January 1, 2019. (§ 1170.95, subds. (a)(1)–(3).) Trotter also requested the court to appoint counsel, which was not done. This was error under *People v. Lewis*, *supra*, 11 Cal.5th 952, but harmless.

We review whether the court's failure to appoint counsel was prejudicial under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818. To establish prejudice, Trotter would have to " 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 974.) "More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid.*)

Here, notwithstanding the court's failure to appoint counsel, there is no possibility Trotter is entitled to relief under

5

section 1170.95. To qualify for resentencing under section 1170.95, the petitioner must show that he or she could not be convicted of first degree or second degree murder because of changes to sections 188 or 189 made effective January 1, 2019, in other words, changes made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). (§ 1170.95, subd. (a).) Trotter cannot show that the changes made by Senate Bill 1437 would have any effect on his conviction.

While Trotter was convicted under a theory of felony murder, at the time of the commission of the crime in 1986, *Carlos v. Superior Court* (1983) 35 Cal.3d 131, 153 to 154 had held that intent to kill was an element of a section 190.2, subdivision (a)(17) special circumstance. In 1987, *People v. Anderson* (1987) 43 Cal.3d 1104, 1138 to 1139 overruled *Carlos* and concluded that intent to kill is not an element of a felony murder special circumstance if the defendant is the actual killer. Because Trotter committed the offenses after *Carlos* but before *Anderson*, the intent requirement applied in his case. "As to offenses committed after *Carlos* but before *Anderson* . . . due process and ex post facto principles demand that the intent-to-kill requirement apply to any felony-murder special circumstance charged in connection with such offenses." (*People v. Johnson* (1993) 6 Cal.4th 1, 44.)

Senate Bill 1437 amended section 189 to provide that a person can be liable of felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.) As the sole

perpetrator of the crime, Trotter was the actual killer and the jury found that he acted with the intent to kill Hartsough. Thus, the enactment of Senate Bill 1437 would have no effect on Trotter's conviction, and he is not entitled to relief under section 1170.95 as a matter of law.

Our review of the entire record shows that no arguable issues exist, and Trotter's counsel has fully complied with his responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.

HILL, J.[*]

We concur:

LAVIN, Acting P. J.

EGERTON, J.

---

[*] Judge of the Superior Court of Santa Barbara County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7